# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Brian D. Hyland,
    Petitioner,

vs.                          Case No. 1:07cv527
                              (Dlott, J.; Black, M.J.)

Warden, London Correctional
Institution,
    Respondent.

## REPORT AND RECOMMENDATION

      Petitioner, an inmate in state custody at the London Correctional Institution in London, Ohio, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of counsel. This matter is before the Court on the petition and respondent's return of writ with exhibits. (Docs. 1, 10).

### Factual And Procedural Background

      On November 24, 2004, the Butler County, Ohio, grand jury returned an indictment charging petitioner with one first-degree felony count of aggravated burglary as defined in Ohio Rev. Code § 2911.11(A)(1). (Doc. 10, Exs. 1, 18).

      At a hearing held February 15, 2005, petitioner entered a guilty plea to the reduced charge of burglary, a second-degree felony offense. (*Id.,* Exs. 2, 21). In the written plea agreement executed by petitioner and counsel, petitioner stated that he understood the maximum penalty for the offense was "8 yrs." (*Id.,* Ex. 2).

      A sentencing hearing was held on March 29, 2005; Dave Weissenger, a detective with the Hamilton City Police Department, gave a statement at that hearing on the victim's behalf. (*See id.,* Ex. 22). In an Entry filed April 4, 2005,

petitioner was sentenced to a five (5) year term of imprisonment. (*Id.,* Ex. 3).[1]

With the assistance of his trial counsel, petitioner timely appealed to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 6). In the appellate brief, counsel presented four assignments of error on petitioner's behalf:

> 1. The record does not support the trial court's findings relied upon to sentence Hyland.
>
> 2. The trial court's sentence violated Hyland's constitutional rights by imposing a sentence that exceeded the statutory maximum sentence based on additional facts that were not submitted to a jury or admitted by defendant.
>
> 3. The trial court materially relied upon improperly submitted statements by the State during the disposition hearing.
>
> 4. Hyland's sentence violates the General Assembly's intent to minimize the unnecessary burden on State and local government resources.

(*Id.*, Ex. 7).

On January 31, 2006, the Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 10). In its decision, the state appellate court made the following factual findings, which are presumed correct under 28 U.S.C. § 2254(e)(1),[2] based on information in the presentence investigation report (PSI) regarding the incident resulting in petitioner's conviction:

---

[1] On April 19, 2005, petitioner's trial counsel filed a motion for reconsideration of the sentencing decision with the trial court. (Doc. 10, Ex. 4). The motion was denied on April 22, 2005. (*Id.,* Ex. 5).

[2] Specifically, 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Petitioner has neither cited nor presented any evidence to rebut the Ohio Court of Appeals' factual findings quoted herein. Therefore, he has not shown that such findings are erroneous.

> . . . .[A]ppellant was involved in a burglary with two other people. Appellant, Sarah Cabrera, and Jessica Casey were getting high, when they ran out of drugs and money. Cabrera told appellant and Casey that her grandmother had velvet bags of money in a file cabinet at home. Together, the three individuals planned a burglary of Cabrera's grandmother's home in order to get money to buy drugs. Cabrera supplied information about her grandmother and the house, and the three drove to Cabrera's grandmother's house together. The trio made sure that no one other than the victim was home and also that the neighbors on both sides of the house were not home.
>
> Cabrera waited in the vehicle, and Casey pretended to be at the home to help the victim with her medication. The victim let Casey enter, and appellant followed. They removed the victim's medical alert necklace. Appellant told the victim that if she cooperated she would not be hurt and told Casey to "keep an eye on the bitch and don't let her out this door." Casey stayed near the victim while appellant searched for the items of value. The two took a gun, money, jewelry, coins and other various items. As they left, appellant told the victim, "I'm going to stand outside this door until she (Casey) gets into the car. If I hear you, I am going to fucking hurt you." (*Id.,* pp. 2-3).

Petitioner's counsel filed a timely appeal from this decision to the Supreme Court of Ohio. (*See id.,* Exs. 15-16).[3] In the memorandum in support of jurisdiction, counsel asserted two propositions of law:

> 1. The imposition of Mr. Hyland's sentence based upon factual findings adjudged only by the trial court denied Mr. Hyland his constitutional right to a trial by jury, because the sentence required findings of fact which were never submitted to a jury or admitted by Mr. Hyland.

---

[3] Prior to filing the notice of appeal to the state supreme court on March 15, 2006, petitioner's counsel filed a motion with the Ohio Court of Appeals "to certify conflict to the Ohio Supreme Court" with respect to the appellate court's resolution of the second assignment of error based on the Supreme Court's decision in *Blakely v. Washington,* 542 U.S. 296 (2004). (Doc. 10, Ex. 11). On April 20, 2006, the Ohio Court of Appeals denied the motion for certification on the ground that "the proposed conflict has been rendered moot by the recent Ohio Supreme Court decision *State v. Foster,* [845 N.E.2d 470 (Ohio 2006)]." (*Id.,* Ex. 14).

> 2. The remedy set forth in *State v. Foster,* [845 N.E.2d 470 (Ohio 2006)], made applicable to any crime occurring prior to February 27, 2006, violates the Ex Post Facto Clause of the United States Constitution as the new remedy punishes or penalize[s] Mr. Hyland for conduct that occurred prior to the remedy's effective date.

(*Id.,* Ex. 16).

On October 18, 2006, the state supreme court denied petitioner leave to appeal and summarily dismissed the appeal "as not involving any substantial constitutional question." (*Id.,* Ex. 17).

With the assistance of new counsel, petitioner filed the instant federal habeas corpus petition on July 2, 2007.[4] (*See* Doc. 1). Petitioner alleges three grounds for relief:

> **Ground One:** The sentencing procedure in this case violated the Confrontation Clause of the Sixth Amendment.
>
> **Supporting Facts:** Without any notice a detective spoke at [the] sentencing hearing[.] He purported to represent the [victim] but made statements that were hearsay and unsupported by either the record or discovery.
>
> **Ground Two:** The sentencing procedure in this case violated the Due Process Clause [of the Fourteenth Amendment] by failing to provide notice.
>
> **Supporting Facts:** Although an agreed statement of facts was recited at the plea hearing[,] a detective spoke at [the] sentencing hearing reciting unagreed and unsupported facts and hearsay. No notice was given that additional unagreed allegations would be raised. Therefore[,] my attorney w[a]s not prepared to refute these unsupported allegations.

---

[4] The petition was originally filed with the district court located in Dayton, Ohio. The case was transferred to this Court for all further proceedings on July 3, 2007. (*See* Doc. 3).

**Ground Three:** The sentencing procedure in this case violated the Due Process Clause [of the Fourteenth Amendment] by deviating from the plea agreement.

**Supporting Facts:** An agreed statement of facts was recited at the plea hearing. These facts were materially altered[] without notice at the sentencing hearing.

(*Id.*, pp. 6, 7, 9).[5]

Respondent does not argue, nor does it appear, that the petition is barred from review on statute of limitations grounds. In the return of writ, respondent contends that petitioner has waived the claims for relief due to his procedural defaults in the state courts. (*See* Doc. 10, Brief, pp. 6-10). Respondent alternatively argues that the petition should be dismissed because the claims alleged as grounds for relief lack merit. (*Id.,* pp. 10-13).

## OPINION

### Petitioner Has Waived His Claims For Habeas Relief Due To His Procedural Defaults In The State Courts

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless

---

[5] As respondent has noted in the return of writ (Doc. 10, Brief, p. 5 n.1), a supplemental petition was attached to the form petition raising the same claims, but using different wording, as follows:

1. A sentencing procedure that does not require indicia of reliability violates the Confrontation Clause of the Sixth Amendment to the United States Constitution.

2. A sentencing procedure that does not require indicia of reliability and a meaningful opportunity to refute hearsay statements violates the petitioner's due process rights.

3. A sentencing procedure that deviates from the plea agreement violates a defendant's due process rights.

(Doc. 1, "Petition For Writ Of Habeas Corpus," pp. 2, 5, 6).

friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c)*; see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985).

If petitioner fails to fairly present a claim through the requisite levels of state appellate review to the state's highest court or commits some other procedural default relied on to preclude review of the merits of such claim by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue the claim in the state courts, his claim for habeas corpus relief is subject to dismissal with prejudice on the ground that it is waived. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

If, because of a procedural default, petitioner has not had a claim considered by the state's highest court and he can no longer present the claim to the state courts, he has waived such claim for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error, or that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In this case, petitioner procedurally defaulted all of the claims that are raised in the instant petition. Specifically, he never claimed as an assignment of error on direct appeal to the Ohio Court of Appeals that the detective's statement on behalf of the victim at sentencing violated the Confrontation Clause as alleged in Ground One of the petition, or that the State breached the parties' plea agreement by presenting the detective's statement at sentencing as alleged in Ground Three of the petition. (*See* Doc. 10, Exs. 9, 11).

Moreover, it appears that petitioner did not fairly present the due process

claim alleged in Ground Two of the petition to the Ohio Court of Appeals on direct appeal. Petitioner challenged the detective's statement at sentencing in his third assignment of error. However, in his appellate brief, he argued only that the detective's comments were improperly introduced as a matter of state statutory law and did not mention that his right to due process was implicated or even that he was deprived of "notice" as alleged in Ground Two of the petition. (*See id.,* Ex. 9, pp. 10-12). Because petitioner thus failed to present both the factual and legal underpinnings of his claim to the state courts, the "fair presentation" requirement was not satisfied. *See McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *cert. denied,* 532 U.S. 958 (2001); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987) (citing *Koontz v. Glossa,* 731 F.2d 365, 368 (6th Cir. 1984)) (holding that the petitioner must present his claims to the state courts as federal constitutional issues and not merely as issues arising under state law); *see also Prather v. Rees,* 822 F.2d 1418 (6th Cir. 1987).

In his reply brief in response to the State's submission on direct appeal, petitioner contended for the first time that he was subjected to an additional three year prison term above the minimum two-year sentence for a second-degree felony offense based on victim impact information of which he had no knowledge prior to sentencing and thus lacked the ability to refute. (*See id.,* Ex. 11, pp. 5-7). It is questionable whether this argument asserted for the first time in a reply brief was sufficient to adequately inform the state appellate court of any due process claim.

However, even assuming, *arguendo,* that petitioner did fairly present his claims for federal habeas relief to the Ohio Court of Appeals on direct appeal, he committed another procedural default by failing to re-assert them as propositions of law on further appeal to the Supreme Court of Ohio. In his memorandum in support of jurisdiction, petitioner argued only that (1) the sentence imposed by the trial court upon consideration of "additional facts . . . which were never determined by a jury or admitted by [petitioner]" violated his Sixth Amendment right to a jury trial under the Supreme Court's *Blakely* decision, as extended to Ohio's sentencing scheme by the Supreme Court of Ohio in *Foster;* and (2) the retroactive application of the *Foster* severance remedy to cure the constitutional infirmity would amount to an Ex Post Facto Clause violation. (*See id.,* Ex. 16).

Petitioner does not raise a *Blakely/Foster* claim in the instant action. Conversely, petitioner did not assert any of the claims alleged as grounds for federal habeas relief to the state supreme court. Because petitioner thus did not

7

provide the Supreme Court of Ohio with an opportunity to correct the alleged constitutional errors presented herein, he has waived such claims for purposes of federal habeas corpus review in the absence of a showing of "cause" for his default and actual prejudice as a result of the alleged errors, or that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman,* 501 U.S. at 750; *see also Murray,* 477 U.S. at 485; *Isaac,* 456 U.S. at 129; *Sykes,* 433 U.S. at 87.

Petitioner has not provided any explanation as "cause" for his procedural defaults in the state courts. He also has not demonstrated a "fundamental miscarriage of justice" will occur if his procedurally-defaulted claims are not considered on the merits herein. Under the "fundamental miscarriage of justice" exception to the waiver doctrine, petitioner must demonstrate that the alleged constitutional violations "probably resulted in the conviction of one who is actually innocent" of the crimes charged. *See Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *cf. Souter v. Jones,* 395 F.3d 577, 597-602 (6th Cir. 2005). Here, petitioner's claims for relief stem solely from alleged errors in sentencing. Petitioner has not argued or otherwise demonstrated that his guilty plea to burglary, at a hearing where he expressed his agreement with the prosecutor's "statement of facts" establishing his guilt, is invalid. (*See* Doc. 10, Ex. 21, Tr. 10-12).

Accordingly, in sum, petitioner is not entitled to habeas relief based on the claims alleged as grounds for relief in the instant action. The claims are waived and thus barred from review in this proceeding as a result of petitioner's procedural defaults in the state courts.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling. Because the first prong of the *Slack* test has not been met, the Court need

not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim as a ground for relief. *See Slack,* 529 U.S. at 484. However, in this case, it appears clear that petitioner has not stated a viable constitutional claim.

With respect to his first ground for relief challenging the introduction of hearsay testimony at the sentencing hearing under the Confrontation Clause, it is well-settled in the Sixth Circuit, as well as other sister circuits, that the introduction of hearsay testimony in the sentencing (as opposed to trial) context is permissible under the Confrontation Clause. *See, e.g., United States v. Katzopoulos,* 437 F.3d 569, 576 (6th Cir. 2006) (and cases cited therein); *United States v. Horton,* 268 Fed.Appx. 408, 412 (6th Cir. Mar. 6, 2008) (not published in Federal Reporter) (following *Katzopoulos*).[6]

Moreover, with respect to petitioner's third claim alleging a breach of the plea agreement, it appears clear from the record of the plea and sentencing proceedings, as well as the plea agreement itself, that the State did not agree as a term of the plea bargain that the trial court would only consider the "statement of facts" given at the plea hearing in determining petitioner's sentence. (*See* Doc. 10, Exs. 3, 21-22). Indeed, at the plea hearing, the court explained before accepting petitioner's plea that petitioner would receive a specified sentence, which "would be somewhere between two years and eight years, ... whatever that term would be," and ordered that a pre-sentence investigation be conducted before imposing sentence. (*Id.,* Ex. 21, Tr. 5, 14).

Finally, with respect to the due process claim alleged in Ground Two of the petition, neither the Supreme Court nor any federal appellate court has recognized a federal due process right to full disclosure of all information used by a trial judge in determining a defendant's sentence. *See Stewart v. Erwin,* 503 F.3d 488, 495-98 (6th Cir. 2007) (and cases cited therein). Due process concerns are implicated,

---

[6] *See also United States v. De la Cruz-Cuevas,* No. 07-2877, 2008 WL 2420988, at *2 (7th Cir. June 12, 2008) (unpublished); *United States v. McClain,* No. 06-10971, 2008 WL 2325642, at *4 (5th Cir. June 6, 2008) (unpublished) (citing *United States v. Mitchell,* 484 F.3d 762, 776 (5th Cir.), *cert. denied,* 128 S.Ct. 297 (2007), *and cert. denied,* 128 S.Ct. 869 (2008)); *United States v. O'Garro,* No. 06-5055, 2008 WL 2154705, at *3 (3rd Cir. May 23, 2008) (unpublished) (citing *United States v. Robinson,* 482 F.3d 244 (3rd Cir. 2007)); *United States v. Sanchez,* No. 07-13799, 2008 WL 2108245, at *1 (11th Cir. May 20, 2008) (unpublished) (citing *United States v. Cantellano,* 430 F.3d 1142, 1146 (11th Cir. 2005), *cert. denied,* 547 U.S. 1034 (2006)).

9

however, when a sentencing judge relies on "materially false or unreliable information in sentencing a defendant," which the defendant has not been afforded the opportunity to rebut. *Id.* at 495 (and cases cited therein) (quoting *United States v. Taylor,* 768 F.2d 114, 121 (6th Cir. 1985)). Although due process thus may require "that some minimum indicia of reliability accompany a hearsay statement" in the sentencing context, *see United States v. Horvath,* 522 F.3d 904, 906 (9th Cir. 2008) (quoting *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir. 1993) (as amended), *cert. denied,* 510 U.S. 1040 (1994)), petitioner has not alleged any facts which call into question the reliability of the challenged hearsay statements made by Detective Weissenger at the sentencing hearing. *Cf. O'Garro, supra*, 2008 WL 2154705, at *3. Indeed, at the sentencing hearing, defense counsel stated on the record that he did not "disagree with anything that the officer, in fact, said." (Doc. 10, Ex. 22, Tr. 11).

Accordingly, the undersigned concludes that under the second prong of the *Slack* test, "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim as a ground for relief. *See Slack,* 529 U.S. at 484.

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:  8/28/08                              s/Timothy S. Black
    cbc                                         Timothy S. Black
                                            United States Magistrate Judge

J:\BRYANCC\2008 habeas orders\07-527denypet.waiver-GPsentence-ConfrontCl-breachPlea.wpd

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Brian D. Hyland,
    Petitioner

vs                                Case No. 1:07cv527
                                     (Dlott, J.; Black, M.J.)

Warden, London Correctional
Institution,
    Respondent

## NOTICE

    Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action.  Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof.   Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s).  Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections.  *See* Fed. R. Civ. P. 72(b).  A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).