IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BRIAN D. HYLAND, | : |
| Petitioner(s), | : |
| vs. | : Case Number: 1:07cv527 |
| | : District Judge Susan J. Dlott |
| WARDEN, LONDON CORRECTIONAL INSTITUTION, | : |
| Respondent(s). | : |

ORDER

This matter is before the Court pursuant to the Order of General Reference in the United States District Court for the Southern District of Ohio Western Division to United States Magistrate Judge Timothy S. Black. Pursuant to such reference, the Magistrate Judge reviewed the pleadings and filed with this Court on August 28, 2008 a Report and Recommendation (Doc. 11). Subsequently, the petitioner filed objections to such Report and Recommendation (Doc. 14).

The Court has reviewed the comprehensive findings of the Magistrate Judge and considered de novo all of the filings in this matter. Upon consideration of the foregoing, the Court does determine that such Recommendations should be adopted.

Accordingly, petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Doc. 1) is **DENIED.**

A certificate of appealability will not issue with respect to petitioner's claims for relief, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529

U.S. 473m 484-85 (2000), "jurists of reason" will not find it debatable whether this Court is correct in its procedural ruling. Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim as a ground for relief. *See Slack,* 529 U.S. at 484. However, in this case, it appears clear that petitioner has not stated a viable constitutional claim.

With respect to his first ground for relief challenging the introduction of hearsay testimony at the sentencing hearing under the Confrontation Clause, it is well-settled in the Sixth Circuit, as well as other sister circuits, that the introduction of hearsay testimony in the sentencing (as opposed to trial) context is permissible under the Confrontation Clause. *See, e.g., United States v. Katzopoulos,* 437 F. 3d 569.576 (6th Cir. 2006) (and cases cited therein); *United States v. Horton,* 268 Fed. Appx. 408, 412 (6th Cir. Mar. 6, 2008) (not published in Federal Reporter) (following *Katzopoulos).*

Moreover, with respect to petitioner's third claim alleging a breach of the plea agreement, it appears clear from the record of the plea and sentencing proceedings, as well as the plea agreement itself, that the State did not agree as a term of the plea bargain that the trial court would only consider the "statement of facts" given at the plea hearing in determining petitioner' sentence. (*See* Doc. 10, Exs. 3, 21-22). Indeed, at the plea hearing, the court explained before accepting petitioner's plea that petitioner would receive a specified sentence, which "would be somewhere between two years and eight years, ...whatever that term would be," and ordered that a pre-sentence investigation be conducted before imposing sentence. (*Id.,* Ex. 21, Tr. 5, 14).

Finally, with respect to the due process claim alleged in Ground Two of the petition,

neither the Supreme Court nor any federal appellate court has recognized a federal due process right to full disclosure of all information used by a trial judge in determining a defendant's sentence. *See Stewart v. Erwin,* 503 F. 3d 488, 495-98 (6th Cir. 2007) (and cases cited therein). Due process concerns are implicated, however, when a sentencing judge relies on "materially false or unreliable information in sentencing a defendant," which the defendant has not been afforded the opportunity to rebut. *Id.* at 495 (and cases cited therein) (quoting *United States v. Taylor,* 768 F. 2d 114, 121 (6th Cir. 1985)). Although due process thus may require "that some minimum indicia of reliability accompany a hearsay statement" in the sentencing context, *see United States v. Horvath,* 522 F.3d 904, 906 (9th Cir. 2008) (quoting *United States v. Petty,* 982 F.2d 1365, 1369 (9th Cir. 1993( (as amended), *cert. denied,* 510 U.S. 1040 (1994)), petitioner has not alleged any facts which call into question the reliability of the challenged hearsay statements made by Detective Weissenger at the sentencing hearing. *Cf. O'Garro, supra,* 2008 WL 2154705, at *3. Indeed, at the sentencing hearing, defense counsel stated on the record that he did not "disagree with anything that the officer, in fact, said." (Doc. 10, Ex. 22, Tr. 11).

Accordingly, the Court concludes that under the second prong of the *Slack* test, "jurists of reason" would not find it debatable whether petitioner has stated a viable constitutional claim as a ground for relief. *See Slack,* 529 U.S. at 484.

With respect to any application by petitioner to proceed on appeal *in formal pauperis,* the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of an Order adopting this Report and Recommendation will not be taken in "good faith," and therefore, **DENIES** petitioner

leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

    IT IS SO ORDERED.


                                                       ____s/Susan J. Dlott____
                                                       Susan J. Dlott
                                                       United States District Judge